OPINION
On March 19, 1996, Kevin and Lorene McGuire, managers of the Steuben Village apartments, were inspecting a unit when they overheard a man shouting in the unit directly above them. This unit was leased to Tamela Hunt. The man was heard to yell phrases such as, "You fuckin' sold me bad shit," and "I'm gonna fuckin' cap somebody." (Tr. p. 65). The McGuires returned to the manager's office and called the sheriff's department. Deputies arrived within ten minutes. The McGuires testified at trial that they saw no one leave the building from the time they called the sheriff's department to the time that deputies arrived.
Police knocked on the door of the apartment in question for approximately two minutes before Appellant, Greg Carter, who was Tamela Hunt's boyfriend, opened the door and permitted deputies to enter. Deputies conducted a pat-down search of Appellant for their safety and sat him on a couch. Lt. Frank Noble of the sheriff's department then noticed a white substance in plain view on a coffee table near the couch and on the floor near the couch. A field test determined that the substance was crack cocaine. The substance was collected and transported to the Bureau of Criminal Identification and Investigation where further tests confirmed that it was cocaine. Deputies also searched the rest of the apartment and found a loaded firearm, drug paraphernalia and additional cocaine in the bedroom and kitchen of the apartment.
Appellant was arrested and on April 17, 1996, he was indicted and charged with violating R.C. § 2925.03(A)(4), aggravated trafficking in drugs with a firearm specification. Upon Appellant's motion, the trial court suppressed all evidence except that which was found in plain view on the coffee table and near the couch. Subsequently, the indictment was amended to a violation of R.C. § 2925.11(A), use of a controlled substance. The firearm specification was also dismissed.
Prior to trial, the parties stipulated that the white substance was .8 grams of cocaine. On the day of trial, prior to the empanelment of a jury, the trial court heard Appellant's motion in limine which sought to exclude the testimony of both Kevin and Lorene McGuire concerning the statements they overheard coming from the apartment. The trial court overruled the motion. Appellant did not object to the testimony at trial. On June 13, 1996, Appellant was found guilty as charged in the indictment. On July 1, 1996, the trial court sentenced Appellant to eighteen months of incarceration. The trial court ordered that Appellant serve his sentence in West Virginia, as felony charges were pending against him in that state. The court further ordered that his sentence would run concurrently with any sentence he might receive in West Virginia.
On July 19, 1996, Appellant filed his notice of appeal. His first assignment of error alleges:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING APPELLANT'S MOTION TO EXCLUDE TESTIMONY BY STATE WITNESSES TO SPECIFIC WORDS OF APPELLANTS [sic] INDICATING THAT HE POSSESSED A CONTROLLED SUBSTANCE."
Appellant argues that Evid.R. 403 does not allow evidence to be included at trial if its probative value is substantially outweighed by the danger of unfair prejudice. Appellant argues that he made an oral motion in limine at the commencement of the jury trial seeking to exclude certain testimony from trial. Specifically, he wanted to exclude the testimony of the McGuires' that they heard a man yell "You fuckin' sold me bad shit" and "I am going to fuckin' cap someone." (Tr. p. 4).
Appellant argues that these statements were extremely prejudicial while being of questionable probative value. He argues that the two witnesses were not sure as to who spoke the words, the exact order of the words, whether it was only one male voice that spoke the words or as to what else was happening in the apartment. On the other hand, Appellant argues that the testimony was so prejudicial that the prosecutor himself stated that the case would be thrown out if the evidence was excluded. (Tr. p. 10).
Appellee argues that the McGuires' testimony was extremely relevant and highly probative as to whether the cocaine found in the apartment belonged to Appellant. Appellee contends that their testimony created an inference that the cocaine belonged to Appellant and that the weight of such an inference was for the jury to decide. Appellee asserts that the prosecutor's statement during the motion hearing that the case would be thrown out if the McGuires' testimony was excluded only emphasizes the relevance and probative value of the testimony. Appellee concludes that the trial court was correct in permitting the jury to hear the testimony and determine the credibility of the McGuires.
Based on the record herein, we find that Appellant's assignment of error is without merit.
Appellant's contention that he made an oral motion in limine immediately prior to the start of the jury trial is supported in the record. Appellant attempted to exclude certain testimony by Mr. and Mrs. McGuire that he expected to be proffered by the state. The trial judge overruled Appellant's motion. (Tr. 12).
Unfortunately for Appellant, however, the denial of a motion in limine does not preserve any error for review absent a contemporaneous objection at trial to the evidence sought to be excluded. State v. Hill (1996), 75 Ohio St.3d 195, 202-203;State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus. Appellant did not object at any point to any of the testimony offered by either Kevin McGuire or Lorene McGuire concerning the yelling they heard in the apartment. (Tr. pp. 65, 70, 80)
Despite Appellant's failure to preserve this issue for appeal, we are not precluded from examining the record for plain error. Evid.R. 103(D); Crim.R. 52(B). To find plain error, we must find that there was error and that except for that error, the result of the trial would have been different.State v.Smith (Oct. 28, 1999), Jefferson App. No. 96 JE 1, unreported, 2. It is well established that the admission or exclusion of relevant evidence is within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. We will not find error unless the trial court has abused its discretion and the accused has suffered material prejudice. State v. Hirsch (1998), 129 Ohio App.3d 294, 307
citing State v. Martin (1985), 19 Ohio St.3d 122, 129. "Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Bereschik (1996), 116 Ohio App.3d 829,834 citing State v. Adams (1980), 62 Ohio St.2d 151, 157. We have reviewed the record before us and find no abuse of discretion. Thus we are unable to find merit in our independent review of Appellant's assignment of error.
Appellant's second assignment of error alleges:
 "THE JURY ERRED IN FINDING THAT APPELLANT WAS IN POSSESSION OF A CONTROLLED SUBSTANCE AND SUCH FINDING IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that the evidence presented at trial did not prove beyond a reasonable doubt that he was in possession of the cocaine seized from the apartment. Appellant admits that possession may be either actual or constructive and that readily usable drugs found in close proximity to an individual may constitute evidence of constructive possession. However, Appellant argues that to find constructive possession, the accused must have knowledge of the existence of the substance. Appellant contends that he was not in close proximity to the cocaine until the police sat him on the couch near where they found the cocaine. Appellant further contends that there was no evidence that he was in the apartment any longer than the time from which the McGuire's overheard a disturbance to the arrival of the sheriff's deputies and that there was no evidence to link him directly to the small amount of cocaine that was seized.
Appellee responds that possession was not only proved by the fact that Appellant had access to the cocaine. Rather, Appellee points to the collective evidence presented at trial: cocaine was found spread out on the coffee table in plain sight, the McGuires overheard references to buying drugs and Appellant was alone in the apartment. Appellee concludes that the collective evidence could convince a trier of fact beyond a reasonable doubt that Appellant was in possession of cocaine.
The record reflects that this assignment of error also lacks merit.
The issue as to whether a trial court judgment is against the manifest weight of the evidence was addressed extensively inState v. Thompkins (1997), 78 Ohio St.3d 380.
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'"
 State v. Thompkins, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594.
When reviewing a trial court decision on the basis that the verdict was against the manifest weight of the evidence, a court of appeals acts as a "thirteenth juror", especially when it reviews the trial court's resolution of conflicts in testimony.State v. Thompkins, 387 citing Tibbs v. Florida (1982),457 U.S. 31, 42.
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 State v. Thompkins, 387 quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 "A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict."
 State v. Thompkins, 387-388, quoting Tibbs v. Florida 41-43. (citations and footnotes omitted.) To reverse a jury verdict as against the manifest weight of the evidence, a unanimous concurrence of all three appellate judges is required. State v.Thompkins, 389.
In the present case, Appellant does not challenge the legal sufficiency of the evidence presented at trial. Accordingly, we will proceed directly to an analysis of the manifest weight of the evidence.
Appellant was convicted of violating R.C. § 2925.11(A), which at the time Appellant was charged stated that: "No person shall knowingly obtain, possess, or use a controlled substance." The only issue before us is whether Appellant had possession of a controlled substance, in this case, the cocaine. At the time that Appellant was charged, possession was defined by R.C. § 2925.01(L) as, "* * * having control over a thing or substance but may not be inferred from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
In the context of drug offenses, "possession" may be actual or constructive. In Re Carter (1997), 123 Ohio App.3d 532, 543
citing State v. Wolery (1976), 46 Ohio St.2d 316, 329. However, mere presence in the general vicinity of an item is not enough to prove that a person possessed that item. State v. Pruitt
(1984), 18 Ohio App.3d 50, 58. To establish constructive possession the state must prove that a defendant was able to exercise dominion and control over the object even though the object may not have been within his immediate physical possession. State v. Wolery, 329.
Appellant's argument throughout this appeal centers largely on the circumstantial evidence that the McGuires overheard an unidentified voice coming from the apartment making statements indicating that the speaker had purchased drugs. Appellant resorts to citing Texas law for the proposition that, "[a] conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every other reasonable hypothesis except that of the guilt of the accused." Collini v.State (Tex.Cr.App. 1972), 487 S.W.2d 132, 136, quoting Brock v.State (Tex.Cr.App. 1956), 285 S.W.2d 745. Not only is Appellant's proposition not controlling in Ohio, it is clearly inconsistent with Ohio law. Our Supreme Court has stated unequivocally that circumstantial evidence alone can be sufficient to establish the essential elements of a crime.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus. The Jenks court stated:
 "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction."
Id.
Based on the McGuires' testimony, a trier of fact could infer that Appellant made the statements and that he had purchased drugs. In the alternative, one could infer that Appellant was the object of the statements and that he therefore sold drugs. However, the McGuires both testified that there was a span of time in which neither of them were in a position to observe the entrance to the apartment building. During this time, it would be possible to conclude that Appellant arrived at the apartment or another individual left the apartment. From this, a trier of fact might rationally infer that Appellant neither made the statements nor that he was the object of the statements because he was not alone in the apartment or because he was not in the apartment at all when the inculpatory statements were overheard. Even if we were to accept such inferences as the truth, it does not overcome the evidence that Appellant was alone in the apartment with dominion and control over the cocaine from the time that the McGuires phoned the sheriff's department to the time that deputies arrived.
Kevin McGuire testified that he saw no one enter or leave the building in which the apartment was located from the time he called the sheriff's department to the time that deputies arrived, approximately six to eight minutes. (Tr. p. 67). Lt. Noble testified that he and other deputies where knocking on the door of the apartment for what could have been a "couple" of minutes. (Tr. p. 90). Lt. Noble also testified that after entering the apartment, deputies conducted a search of the apartment but found no one else. (Tr. p. 94). Lt. Noble further stated that he observed the substance later identified as cocaine on a coffee table and the floor. (Tr. p. 91)
Based on that evidence, a trier of fact could reasonably infer that Appellant was in constructive possession of the cocaine. He was the only person in the apartment from the time that the McGuire's phoned the sheriff's department to the time the deputies arrived and searched the apartment for other occupants. Moreover, the cocaine in question was found in plain sight on the coffee table and on the nearby floor in a common area, as opposed to a clearly personal area that could be identified with a specific individual, such as a bedroom or a dresser drawer. It was not hidden or secured in any manner.
In State v. Pruitt, supra, the court took notice of the fact that an illegal substance was in a readily usable form when it found that the appellant was in possession of that substance. Id., 58. Also, in State v. Boyd (1989), 63 Ohio App.3d 790, the court stressed the fact that cocaine was in plain view throughout an apartment when it found that one of several occupants was in possession of it. Id., 796. In the present case, concluding that Appellant was in possession is consistent with Pruitt and Boyd. The cocaine was not packaged, but open on a table ready to be used, in plain view.
Based on the evidence presented, a trier of fact could readily conclude beyond a reasonable doubt that Appellant, as the only occupant of the apartment, had dominion and control of the cocaine.
Appellant would have us believe that the cocaine belonged to someone else, possibly his girlfriend to whom the apartment was leased. Such an argument indicates an element of ownership. That is clearly not the concern of the R.C. § 2925.11(A) which punishes possession, not ownership, of controlled substances. Moreover, Appellant presented no evidence to support such a position. Regardless, we have stated that the state has no burden to prove that no other person but a defendant could have possessed a controlled substance. State v. Buckley (Feb. 6, 1986), Columbiana App. No. 83-C-52.
In the absence of any other evidence to the contrary, it was not against the manifest weight of the evidence for the jury to find that Appellant was in possession of the cocaine.
Therefore, we hold that Appellant's second assignment of error lacks merit. Accordingly we affirm the judgment and sentence of the trial court.
Cox, P.J., dissents; see dissenting opinion, Donofrio, J., concurs.
 ______________________ CHERYL L. WAITE, JUDGE