OPINION
Defendant-appellant, Maronda Hooks, appeals her convictions and sentences in the Warren County Common Pleas Court for possession of drug paraphernalia and cocaine. For the reasons that follow, we affirm.
In November 1998, a confidential informant reported to police that drug sales were occurring in an apartment at 604 Parkside Lane in Mason, Ohio. The Warren County Drug Task Force made a controlled purchase of crack cocaine from an unidentified individual in the apartment. Shortly after the completion of the controlled purchase, officers observed appellant's husband, Ryan Hooks, leave the apartment. The officers left the scene and obtained a warrant to search the apartment. The officers did not continue to keep the apartment under surveillance.
Approximately six hours after the controlled purchase, the Warren County Tactical Response Team executed the search warrant.
Upon entering the apartment, officers found Ryan in mid-stride in the hallway of the apartment, adjacent to the kitchen and living room, facing away from the front door. The officers found appellant in one of the two bedrooms. The officers found no one else in the apartment.
After securing appellant and Ryan, the officers searched their apartment. The officers found two marijuana pipes and rolling papers in the living room. In the bedroom, officers uncovered more rolling papers, a loaded .32 caliber revolver, and a .44 caliber revolver. The officers found two digital scales and a postal scale, which they suspected were used in connection with drug sales. The police discovered a plastic baggie containing approximately 5.16 grams of crack cocaine submerged in a deep fryer in the kitchen. In the pockets of Ryan's pants, the officers discovered $1,479 in cash. They also found a notepad upon which the following list was written:
 Scales [$]190 Western Union $569 Maronda'a Mom $100 Weed $50
Appellant was indicted on one count of possession of drug paraphernalia and one count of possession of cocaine. She pled not guilty to both charges and was tried before a jury. At the close of the state's case, appellant moved for a judgment of acquittal under Crim.R. 29. The trial court denied appellant's motion. The jury found appellant guilty of both charges. The trial court sentenced appellant to serve one year in prison.
In connection with this case, appellant also pled guilty to charges of failure to appear after her release and having a weapon while under disability. The trial court sentenced appellant to one year in prison for failing to appear and six months in prison for having a weapon while under disability. The trial court ordered appellant to serve these sentences consecutively to each other and to the one-year term for possession of cocaine and drug paraphernalia.
Appellant appeals from her convictions and sentences, raising two assignments of error.
In her first assignment of error, appellant maintains that the state failed to provide legally sufficient evidence upon which a reasonable trier of fact could conclude beyond a reasonable doubt that she knowingly possessed cocaine or drug paraphernalia.
Under Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
The jury convicted appellant of possession of cocaine in violation of R.C. 2925.11(A), which states "[n]o person shall knowingly obtain, possess, or use a controlled substance." Cocaine and derivatives therefrom are listed on Ohio's schedules of controlled substances. See R.C. 3719. At trial, a forensic scientist testified that the substance contained in the plastic bag found in the deep fryer in appellant's kitchen was crack cocaine, and therefore a controlled substance.
Appellant was also convicted of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), which states, "No person shall knowingly use or possess with purpose to use, drug paraphernalia." Drug paraphernalia includes any equipment, product or material of any kind used, intended to be used or designed to be used for preparing, packaging, storing, containing or concealing a controlled substance. R.C. 2925.14(A). Equipment or materials used or designed to be used for ingesting, injecting, inhaling or introducing a controlled substance into the human body are also drug paraphernalia. Id. In appellant's apartment, police discovered rolling papers, marijuana pipes and three small scales. There is no serious dispute that the rolling papers and pipes are objects for ingesting or inhaling a controlled substance, namely marijuana. See R.C. 2925.14(A)(12). Similarly, appellant does not dispute that the three scales are devices used for weighing or measuring a controlled substance. See R.C.2925.14(A)(6).
The only remaining issue is whether appellant knowingly possessed the cocaine and the drug paraphernalia. Surrounding facts and circumstances often must establish the intent of an individual with respect to the commission of a crime, because of the difficulty of proof. See, e.g., State v. Seiber (1990),56 Ohio St.3d 4, 13-14; Jenks, 61 Ohio St.3d at 274-75. A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or be of a certain nature, and a person has knowledge of circumstances when he is aware that such circumstances probably exist. R.C.2901.22(B).
R.C. 2925.01(K) defines possession as "having control over a thing or a substance," but does not include "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession is "a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of his control of the object for sufficient time to have ended the possession." R.C.2901.21(C)(1). Knowing possession of an object can be actual or constructive. _State v. Haynes (1971), 25 Ohio St.2d 264, 269-70;State v. Scalf (1998), 126 Ohio App.3d 614, 619. Actual possession exists where circumstances indicate that one has or had an item within his dominion or control. State v. Briggs (Mar. 8, 1999), Butler App. No. CA98-06-127, unreported; State v. DeRossett
(June 8, 1998), Clermont App. No. CA97-10-082, unreported. A person has constructive possession of an object when he is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus; Scalf, 126 Ohio App.3d at 619.
Circumstantial evidence is sufficient to establish dominion and control over an object. See, e.g., State v. Pruitt (1984),18 Ohio App.3d 50, 58; see, also, State v. Jenks (1991), 61 Ohio St.3d 259,272 (holding that circumstantial evidence is equally probative as direct evidence in proving an element of a crime). Thus, dominion and control over contraband exists where police find contraband in a defendant's living area, even where the defendant occupies the premises with others. Scalf,126 Ohio App.3d at 619. Dominion and control exist where contraband is found in plain view throughout a house or apartment. Id.; Statev. Boyd (1989), 63 Ohio App.3d 790, 796.
In the specific context of controlled substances, although mere presence in the vicinity of drugs does not prove dominion and control, readily accessible drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession. See, e.g., Scalf,126 Ohio App.3d at 620. Constructive possession existed where police recovered five rocks of crack cocaine hidden in a kitchen cabinet in a home that the defendant shared with relatives. Id.
Similarly, constructive possession was present where police discovered cocaine hidden in an attic trap door in a ceiling in a home a defendant shared with his parents. State v. Kobi (1997),122 Ohio App.3d 160, 174-75. Thus, where drugs are found in a defendant's domicile, even when they are hidden, it may be inferred that the defendant was able to exercise dominion and control over the drugs when they are readily accessible to the defendant. See id.; Scalf, 126 Ohio App.3d at 620; State v. Crane
(July 7, 1997) Butler App. No. CA96-12-257, unreported.
The evidence presented in this case included a lease agreement for the apartment signed by appellant. Prior to the search, police officers observed appellant's husband, Ryan, leave the apartment shortly after the completion of a controlled purchase of crack cocaine. During the search of the apartment, officers found rolling papers, marijuana pipes, and three scales in plain view in the apartment. The contraband was found in the living room, kitchen and a bedroom. The crack cocaine was in a deep fryer located on the kitchen counter. Appellant and her husband were the only individuals in the apartment when the police conducted the search. Considering this evidence in the light most favorable to the prosecution, we hold that a reasonable trier of fact could find beyond a reasonable doubt that appellant constructively possessed the cocaine and the drug paraphernalia.[1]
Accordingly, appellant's first assignment of error is overruled.
In her second assignment of error, appellant maintains that the trial court erred by ordering appellant to serve consecutive sentences for the crimes to which she pled guilty or was found guilty by the jury.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C. 2953.08(F)(1)-(3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C.2929.11(A).
Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id.
Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 29219.14[2929.14](E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender.State v. Finch (1998), 131 Ohio App.3d 571, 575-75;State v. Mirmohamed (1998), 131 Ohio App.3d 579, 584. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C.2929.19(B)(2)(c). See State v. Edmonson,86 Ohio St.3d 324, 326; State v. Simpson (Apr. 3, 2000), Clermont App. No. CA99-07-078, unreported.
The trial court's sentencing entries for each of the sentences ordered to be served consecutively state:
 The Court finds for the reasons stated on the record pursuant to Revised Code § 2929.14(C) that the defendant poses the greatest likelihood of recidivism.
 Pursuant to Revised Code § 2929.14(E), the Court finds that the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the pubic [sic].
 The Court also finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the defendant.
In addition, at the sentencing hearing, the trial court noted:
 I notice from [the presentence investigative report] that * * * you have [n]ever been convicted before of felony offenses, but still there, there seems to be a significant and substantial background of criminal behavior, especially in the case of Mrs. Hooks, where I see various misdemeanor convictions going back over the last four or five years. * * * I don't feel that these consecutive sentences are disproportionate to the seriousness of your conduct or the danger that you would pose to the public. And I feel that your history of criminal conduct demonstrates that these consecutive sentences are necessary to protect the public from future crime at your hands.
Contrary to appellant's arguments, the trial court complied with R.C. 2929.14(E)(4) and made the necessary findings in order to impose consecutive sentences. Appellant's sentences are supported by the record and are not contrary to law. Appellant's second assignment of error is overruled.
Judgment affirmed.
 __________________________ POWELL, P.J.
YOUNG and WALSH, JJ., concur.
[1] Appellant's argument in support of her assignment of error discusses evidence and facts presented after the close of the state's case. A challenge to the sufficiency of evidence supporting a conviction considers only whether the state has met its burden of production at trial and whether the state's
evidence, if believed, supports a defendant's conviction. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring) (emphasis added). A challenge to the weight of the evidence considers whether the state has carried its burden of persuasion with regard to all of the evidence produced at trial.Id. In either case, the state produced sufficient evidence to convict appellant of the charged crimes and also has appropriately met its burden of persuasion.