The STATE of Ohio, Appellee,

v.

BOYD, Appellant.

[Cite as *State v. Boyd* (1989), 63 Ohio App.3d 790.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55619.

Decided Aug. 14, 1989.

*John T. Corrigan*, Prosecuting Attorney, and *Johnny M. Chandler*, Assistant Prosecuting Attorney, for appellee.

*Donald S. Tittle*, for appellant.

ANN MCMANAMON, Chief Justice.

James Boyd appeals his conviction for possession of cocaine (R.C. 2925.11) and possession of criminal tools (R.C. 2923.24). He raises three assignments of error[1] challenging the denial of his motion to suppress the cocaine, the manifest weight of the evidence, and the propriety of the court's remarks to defense counsel. We find the defendant's first and third assignments meritorious and remand the cause for a new trial.

Village of Oakwood Police Officer Theodore Rongers told the jury that in October 1986 Randy Miller implicated himself and his purported girlfriend, Rhonda Gillman, in a series of burglaries in surrounding communities. Miller accurately described the stolen items and told Rongers he took the property to Boyd's Melrose Avenue apartment. Police officers executed a search warrant at the premises and, in addition to the named items, they found four packets containing cocaine in a bowl of bleach as well as E–Z Wider rolling papers on a living room end table, test tubes and a straw with cocaine residue in the kitchen area and a slip of paper containing cocaine in a bedroom dresser drawer. The officers arrested Boyd and Gillman, both of whom were present when police arrived. The officers also confiscated a syringe found in Gillman's purse. At trial, Gillman explained she was "staying" with the defendant at the time of the search. She claimed ownership of the packets of cocaine and the slip of paper with cocaine residue and testified that she used the drugs without Boyd's knowledge. Gillman, however, denied ownership of the straw containing cocaine residue.

Initially we address Boyd's allegations of judicial impropriety. In his third assignment the defendant asserts the trial judge committed reversible error in his comments to defense counsel.

During the state's cross-examination of Gillman, the defendant requested a side-bar conference. The court and defense counsel engaged in the following dialogue:

"MR. TITTLE: Your honor, move for a mistrial.

"I objected to the Prosecutor's questions about the toot straws and certain other things.

---

1. See Appendix.

"That woman did not have a lawyer while she was up there. She incriminated herself about those things. Those are charges separate from what she did.

"I asked to approach the bench so you could appoint a lawyer. You wouldn't let me.

"Now, in this case, from the day this case, the minute this case is begun, either you, your Honor, or me is severely wrong here.

"I feel every time I try to do something, I'm being hampered and I'm wrong. If I'm wrong, I am ineffective. If you're wrong, you did not allow me to put my defense on.

"THE COURT: Is that your motion?

"MR. TITTLE: Yes, your Honor.

"THE COURT: Get rid of your motion. Let's not talk about what you're doing or I'm doing.

"MR. TITTLE: Your Honor said that loud enough so the jury could hear.

"THE COURT: I'm going to sit you down in a minute and it's going to cost you some money.

"MR. TITTLE: May we do this in the back, your Honor? The jury can hear.

"MR. CHANDLER: Yes, your Honor, maybe we could dismiss the jury.

"I would like to take ten minutes before final arguments.

"THE COURT: Now make a motion or you're going to jail.

"MR. TITTLE: I move for—

"THE COURT: I'm tired of you—

"MR. TITTLE: Your Honor, the jury can hear this—

"MR. CHANDLER: Your Honor—your Honor, whether—

"MR. TITTLE: I have to move for a mistrial. I'm doing it.

"THE COURT: Move it. And you're overruled.

"MR. TITTLE: I did.

"Your Honor—

"THE COURT: Come on."

The court then recessed to chambers where defense counsel requested the jury be polled to determine whether they overheard the court's comments. The court denied this motion. Boyd now argues the court's threat to jail his attorney constituted reversible error. We agree.

It is well established that a trial judge must at all times be impartial and refrain from comments which might influence the jury. *State, ex rel. Wise, v. Chand* (1970), 21 Ohio St.2d 113, 50 O.O.2d 322, 256 N.E.2d 613; *State v. Kish* (1981), 4 Ohio App.3d 252, 4 OBR 468, 448 N.E.2d 455. In *State v. Kay* (1967), 12 Ohio App.2d 38, 49, 41 O.O.2d 91, 98, 230 N.E.2d 652, 660, this court stated:

"Statements made by a trial judge during the progress of a trial and within hearing of the jury are of the same effect as though embodied in the charge to the jury, and, where such remarks or questioning may lend themselves to being interpreted as an opinion on the part of the judge as to the credibility of witnesses or of a defendant or an opinion on his part as to the facts of the case, prejudicial error results. * * * "

The record does not demonstrate whether or not the jury overheard the court's comments including his threat to jail defense counsel. We, however, must presume so since, in refusing the request to poll the jury, the trial judge did not indicate his remarks were outside the jury's hearing. Further, the prosecutor's support for excusing the jury reflects a concern that they could hear the court's comments.

We find the judge's remarks, particularly the threat of jail, could be construed as a reflection of the court's opinion on the merits of defendant's case. Such comments are inappropriately made before a jury in a criminal case. See *Kish, supra*. Further, in light of the evidence at trial, we cannot conclude that the error was harmless. Accordingly, we sustain this assignment of error and remand for a new trial.

In his first assignment, Boyd contends the trial court erroneously denied his motion to suppress the cocaine.

Boyd argues that the affidavit supporting the search warrant failed to demonstrate probable cause. In assessing the legal sufficiency of a challenged affidavit, " * * * a reviewing court's task is to ensure, through a conscientious review of the affidavit, that the issuing magistrate had a 'substantial basis' for concluding that probable cause existed to search. * * * " *State v. Bean* (1983), 13 Ohio App.3d 69, 71, 13 OBR 83, 85, 468 N.E.2d 146, 149. See, also, *United States v. Harris* (1971), 403 U.S. 573, 581, 91 S.Ct. 2075, 2080, 29 L.Ed.2d 723, 732.

At the suppression hearing, Officer Rongers testified that he relied upon Randy Miller's admission that Boyd supplied him with drugs in exchange for stolen property. In limited circumstances, such a statement against a declarant's penal interest may support a finding of probable cause. See *Harris, supra; State v. Header* (May 11, 1983), Medina App. Nos. 1205, 1206,

unreported, 1983 WL 4093. We note, however, that the prosecutor incorrectly argued that probable cause was not an issue since the warrant was issued by a judge. The court appeared to agree when he stated that, "Well, the court feels that Judge Feighan felt that they had probable cause to go over there." The court further remarked that Miller's information was reliable since the police later found drugs on the premises. The court's proper focus should have been whether Miller was a reliable informant before issuance of the search warrant. *Harris, supra.* Upon remand, the issue of probable cause should be addressed anew.

Finally, we note that the defendant failed to provide a copy of the affidavit or search warrant for appellate review. The record demonstrates that both were marked as exhibits at the suppression hearing and considered by the trial court. They were not admitted, nor were the contents of the affidavit read into the record. If errors at the hearing were not so apparent from the record, we would presume the regularity of the court's decision. *Ostrander v. Parker–Fallis* (1972), 29 Ohio St.2d 72, 58 O.O.2d 117, 278 N.E.2d 363.

This assignment of error is sustained.

Boyd's second assignment of error challenges the manifest weight of the evidence supporting each conviction. Specifically, he asserts the state failed to prove the element of "possession."

A reviewing court will not reverse a criminal conviction as against the manifest weight of the evidence if substantial evidence exists from which a jury rationally could conclude that each element of the offense was proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. An appellate court is empowered to weigh the evidence and consider the credibility of witnesses. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 218–219, 485 N.E.2d 717, 719–721. Such determinations, however, are reserved primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

R.C. 2925.11 prohibits, *inter alia,* the knowing possession of a controlled substance. Possession of criminal tools is defined in R.C. 2923.24 which states:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

" * * * *

**796**

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use."

 Boyd contends the state failed to prove he possessed the drugs and drug-use items. R.C. 2925.01(L) defines "possession" as:

" 'Possess' or 'possession' means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

Possession may be actual or constructive. See *State v. Haynes* (1971), 25 Ohio St.2d 264, 269–270, 54 O.O.2d 379, 381–382, 267 N.E.2d 787, 790–791. To establish constructive possession the state must prove the defendant "was able to exercise dominion or control over the object, even though that object may not be within his immediate physical possession." *State v. Johnson* (Nov. 21, 1985), Cuyahoga App. No. 49746, unreported at 7, 1985 WL 8451. See, also, *State v. Wolery* (1976), 46 Ohio St.2d 316, 329, 75 O.O.2d 366, 374, 348 N.E.2d 351, 360, certiorari denied (1976), 429 U.S. 932, 97 S.Ct. 339, 50 L.Ed.2d 301; *State v. Torres* (Mar. 5, 1987), Cuyahoga App. No. 51563, unreported, 1987 WL 7434. The evidence does not support the defendant's argument on this issue.

 The cocaine and drug-related items were recovered on the third floor apartment of the Melrose house which the defendant leased. The slip of paper containing cocaine was found in a dresser drawer located in Boyd's bedroom next to his bed. Gillman claimed she placed the cocaine under her underwear in the drawer but Officer Paul Payne testified he did not observe any of Gillman's clothing in the drawer. Gillman also denied any knowledge of the straws, which tested positive positive for cocaine. Although Gillman claimed she took the drugs without Boyd's knowledge, the cocaine and drug-use items were in plain view throughout the apartment. Based upon this evidence the jury reasonably could conclude the state met its burden of proof on both charges.

Accordingly, this assignment of error is overruled.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

VEIT, J., concurs.

THOMAS J. PARRINO, J., dissents.

HANS R. VEIT, J., of the Court of Common Pleas of Geauga County, and THOMAS J. PARRINO, J., retired, of the Court of Appeals for Cuyahoga County, sitting by assignment.

THOMAS J. PARRINO, Judge, dissenting.

A magistrate must find the existence of probable cause before the issuance of a search warrant. In making that determination the magistrate should apply a "totality of the circumstances" standard. *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. Though the record in the case *sub judice* does not contain the affidavit executed by the informant in support of the requested warrant, nor does it contain the search warrant itself, upon consideration of the of the total record, viewing it from the totality of the circumstances, I find that the trial court was justified in overruling defendant's motion to suppress the evidence obtained from the search.

As to the comments of the trial court concerning the possible imposition of sanctions against defense counsel, it is obvious that those remarks were intemperate and inappropriate. However, there is nothing in this record to show that the jurors heard the judge's remarks. Since the remarks were made at side bar in a discussion between the trial court and counsel, I am unable to conclude, as the majority of this court has, that it must be presumed that the jurors heard the trial court's comments and that those remarks prejudiced the defendant. There is no evidence in this record that anyone else in the courtroom heard the remarks. The grant or denial of defendant's motion to voir dire the jury was subject to the trial court's discretion. In my opinion I believe the trial court was justified in overruling defendant's motion to voir dire the jury.

For these reasons I respectfully dissent. I would affirm this judgment.

### APPENDIX

#### I

"The trial court erred by overruling appellant's motion to suppress evidence seized pursuant to a search warrant where said warrant was not based on a credible, reliable informant and was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

#### II

"The verdict is against the weight of the evidence."

## III

"The trial court committed prejudicial error in failing to grant defense counsel's motion to poll the jury to determine whether the jury was able to hear the trial judge threatening defense counsel with jail, said threat having been made in the presence of the jury and resulting in a denial of due process of law to the defendant-appellant."