OPINION
Appellant is appealing his conviction for possession of drugs. For the following reasons, we affirm.
Detective Robert Clark testified that he and his partner, Detective Zarlenga were on duty in the area of West 127th and Firsby. There had been complaints of drug activity in the area. Officer Richissin was on Firsby posing as a water department employee. Richissin radioed Clark and Zarlenga that a drug deal had been made. Richissin described the males making the deal, and their vehicle, a silver Chrysler. Within 15 seconds, Zarlenga drove onto Firsby and blocked the path of the silver Chrysler. Appellant, the passenger in the silver Chrysler, exited the vehicle. Clark and Zarlenga ran over to appellant. Clark saw appellant throw suspected rocks of crack cocaine to the ground. Appellant stepped on the drugs. As Zarlenga arrested appellant, Clark collected fifteen small rocks from the pavement. Clark heard the driver, Al Brown, yelling, "That dumb m.f. told me he was coming down here to get a haircut, to go to the barber and that m.f. is down here buying crack."
Detective Zarlenga testified that Officer Richissin radioed that the passenger in the silver Chrysler made the transaction. Zarlenga saw appellant throw the drugs to the ground. As he arrested appellant, appellant was moving his legs around, attempting to crush the drugs.
The driver of the silver Chrysler, Al Brown, testified that he was giving appellant a ride to the barber shop. On the way, they stopped at Convenient. Brown could not remember if appellant got out of the car at Convenient. The two proceeded to the barber shop. When they turned down Firsby, Brown had to stop the car because a group of kids were in the street. The kids said, "I got the good white dope." Brown did not see appellant make any exchange. Brown backed up his vehicle and turned around. The police stopped Brown's vehicle. Appellant exited the vehicle. The police ordered appellant to get back in the vehicle. Brown denied telling the police that appellant purchased drugs.
Eugenia Whitt Johnson a forensic scientist in the S.I.U. lab testified that the substance recovered from the scene tested positive for cocaine. Johnson stated that if pressure is put on crack, it can break up or become powdery.
Appellant testified that he got out of the car at Convenient and made purchases. Appellant said he did not purchase or throw any drugs. The officers saw something on the ground and picked it up, but it was not the same as the drugs in evidence.
 I.
Appellant's first assignment of error states:
 THE LOWER COURTS COMMENTS IN THE PRESENCE OF THE JURY DENIED THE APPELLANT A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
On direct examination, defense counsel asked appellant how he got to court. Appellant replied that he flew in from Florida. The trial judge stated, "He's supposed to be in Ohio at all times, as you well know . . ." Appellant did not object, but later moved for a mistrial. He also moved for a mistrial because during the trial, the judge told defense counsel to sit down.
The trial judge should refrain from comments that might influence the jury. State v. Boyd (1989), 63 Ohio App.3d 790. The defendant must demonstrate that the judge's remarks had a prejudicial effect. State v. Wade (1978), 53 Ohio St.2d 182, 188. The trial judge is in the best position to decide whether a breach was committed and what corrective measures are needed. Id.
In this case, the trial judge's comments were not such that they would be misunderstood by a jury and prejudice appellant's right to a fair trial. See Id. Appellant did not show that he was prejudiced by the court's comments. Furthermore, mistrials should only be granted if the ends of justice require, and a fair trial is no longer possible. State v. Franklin (1991), 62 Ohio St.3d 118,127. The comments from the bench were not so prejudicial that a fair trial was no longer possible.
Accordingly, this assignment of error is overruled.
 II.
Appellants second assignment of error states:
 THE APPELLANT WAS DENIED A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION DUE TO REPEATED INSTANCES OF PROSECUTORIAL MISCONDUCT.
Prosecutorial misconduct occurred if remarks made by the prosecutor were improper and the remarks prejudicially affected substantial rights. State v. Smith (1984), 14 Ohio St.3d 13. It is improper for the prosecutor to express her personal belief as to the credibility of a witness. Id. The prosecutor is not to allude to matters not in evidence. Id. If the defendant fails to object to remarks of the prosecutor, he waives all but plain error. See State v. Underwood (1983), 3 Ohio St.3d 12, State v.Coleman (1989), 45 Ohio St.3d 298, 301. Plain error occurs when, but for the error, the outcome of the trial would clearly be otherwise. Id.
The prosecutor asked Brown if Brown said yesterday that appellant stayed in the car when they were at Convenient. This remark was improper, as it refers to matters not in evidence. There was no objection to this remark. The prosecutor was attempting to show that appellant and Brown had collaborated on how they would testify. Whether appellant got out of the car at Convenient does not go to the elements of the offense. We can not say that the outcome of the trial would have clearly been otherwise had the remark had not been made.
The prosecutor asked Brown if he told the police that appellant purchased drugs. This question was not -improper because Brown's excited utterance concerning the drug buy was properly admitted into evidence. (See Fourth Assignment of Error, below) Additionally, no objection was raised and we can not say that plain error occurred.
In closing arguments, the prosecutor stated the following concerning Detectives Clark and Zarlenga:
 I want you to know how proud I am, how well they testified, not because, as defense counsel alleges, they come into court all the time. And I am going to tell you they are human like anybody else.
This statement was not improper because the prosecutor was not stating her personal opinion on the credibility of the witnesses. The prosecutor permissibly argued that the evidence supported the testimony of the detectives. See State v. Draughn (1992),76 Ohio App.3d 664. Moreover, no objection was made. We can not say that the outcome of the trial would have clearly been otherwise had this remark not been made.
The prosecutor asked appellant on cross-examination if appellant was the top salesman because he knew how to sell lies. An objection was overruled. The prosecutor did not state her personal belief that the defendant was lying. It may be proper to ask a witness if he is telling the truth, as cross-examination is designed to test truthfulness. See State v. Garfield (1986),34 Ohio App.3d 300, 303. While purely derogatory comments are not allowed, the prosecutor is permitted to be colorful and creative in her questioning. See State v. Brown (1988), 38 Ohio St.3d 305,317. While the prosecutor's comment was derogatory towards appellant, we feel it was not so prejudicial as to undermine the fairness of the trial.
Appellant testified that the police told him to, "get his black ass out of the car". The prosecutor accused appellant of playing a race card. An objection to the prosecutor's comment was overruled. It is permissible to criticize the defendant's strategy, if such criticism is not purely derogatory. See Brown,supra at 317. This comment was not purely derogatory, nor was it prejudicial. Appellant's conviction can not be reversed on the ground of prosecutorial misconduct.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE LOWER COURT ERRED AND DENIED THE APPELLANT A FAIR TRIAL WHEN IT OVERRULED A DEFENSE MOTION FOR MISTRIAL BASED UPON IMPROPER COMMENTARY BY A STATES WITNESS.
On re-direct examination, the prosecutor asked Detective Clark if he had any reason to lie. Clark replied that he was willing to take a polygraph test against appellant. Appellant's attorney did not object. On re-cross, the defense attorney stated that appellant was also willing to take a polygraph. The-next day, appellant's attorney moved for a mistrial. The judge instructed the jury to disregard any statements concerning polygraph tests.
Polygraphs are generally not admissible, unless stipulated to by the parties. State v. Souel (1978), 53 Ohio St.2d 123. In this case, no polygraph evidence was admitted. The remarks concerning the polygraph test were not so prejudicial that they could not be cured by the trial court's instructions. See State v. Draughn,supra. As stated above, mistrials should only be granted if the ends of justice require and a fair trial is no longer possible.State v. Franklin (1991), 62 Ohio St.3d 118, 127. The trial court did not abuse its discretion in failing to grant a mistrial in this case. See State v. Mauer (1984), 15 Ohio St.3d 239.
Accordingly, this assignment of error is overruled.
 IV.
Appellants fourth assignment of error states:
 THE LOWER COURT ERRED BY PERMITTING THE STATE TO REPEATEDLY INTRODUCE HEARSAY STATEMENTS AND THEREBY VIOLATED THE APPELLANTS RIGHT TO CONFRONTATION OF WITNESSES AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Out of court statements made by Officer Richissin and Al Brown were allowed into evidence, over objection. Clark said that Brown stated that appellant purchased drugs. Brown denied making this statement. In general, such hearsay statements are not admissible. Evid.R. 801. Appellee contends that Brown's statement was admissible as an excited utterance. See Evid.R. 803(2).
A hearsay statement is admissible as an excited utterance if: (1) There was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties, and render his statement spontaneous and unreflective, (2) that the statement or declaration was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, (3) that the statement or declaration related to such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement. Statev. Taylor (1993), 66 Ohio St.3d 295, 300. The decision of the trial judge, in determining the admissibility of an excited utterance, should be sustained where the decision appears to be reasonable, even where the reviewing court might decide differently. Id. at 305.
Brown testified he was upset and scared because of the drug activity. Clark testified that Brown was upset and yelling. The discovery that one was an unwilling participant in a drug transaction could produce a state of nervous excitement sufficient to result in a spontaneous declaration. Brown made the statement within minutes after personally observing the drug sale. It was not unreasonable for the trial court to find that Brown's statement was an excited utterance.
Detectives Clark and Zarlenga testified over objection that Officer Richissin radioed that the passenger in a silver Chrysler made a drug transaction. Richissin was in surgery and did not testify. Statements which explain the officers' conduct while investigating a crime and not admitted to prove the truth of the statement are not hearsay. See Evid. R. 801(C), State v. Blevins
(1987), 36 Ohio App.3d 147, 149, State v. Thomas (1980), 61 Ohio St.2d 223,232. The probative value of such statements must outweigh any unfair prejudice. Id., see Evid. R. 403. Officer Richissin's observations were probative to show why the officers moved in on the silver Chrysler. The probative value was not outweighed by the danger of unfair prejudice.
Accordingly, this assignment of error is overruled.
 V.
Appellants fifth assignment of error states:
 THE APPELLANT WAS DENIED DUE PROCESS OF LAW BY VIRTUE OF INEFFECTIVE ASSISTANCE OF COUNSEL.
To demonstrate ineffective assistance of counsel, appellant must show (1) that counsel substantially violated an essential duty, and (2) appellant was prejudiced by counsel's errors.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, State v. Bradley (1989), 42 Ohio St.3d 136. Prejudice occurs when there is a reasonable probability that but for the error the outcome of the trial would have been different.Id.
Appellant claims his counsel was ineffective for failing to object to the prosecutor's attempts to impeach Mr. Brown, a state's witness. A party who called a witness may impeach the witness by a prior inconsistent statement only upon a showing of surprise and affirmative damage. See Evid. R. 607, State v.Keenan (1993), 66 Ohio St.3d 402, 411-412, State v. Lewis (1991),75 Ohio App.3d 689, 695-698. The prosecutor did not show she was surprised by Brown's denial that he told the police appellant purchased drugs. Brown's statement that appellant purchased drugs was admissible as an excited utterance under Evid. R. 803, 50 Evid. R. 607 does not apply.
The prosecutor was surprised by Brown's statement that Brown could not remember if appellant exited the car at Convenient. This statement did not result in affirmative damage to the prosecution. See Keenan, Lewis, supra. The prosecutor improperly commented that Brown said yesterday that appellant got out of the car. Defense counsel should have objected. We can not say there was a reasonable probability the outcome of the trial would have been different absent this improper comment or an objection thereto. Whether appellant got out of the car at Convenient was not a material issue. Brown was later impeached by the admissible excited utterance.
Appellant asserts his counsel was ineffective for failing to object to the prosecutor's closing statements. Specifically, defense counsel did not object to the prosecutor's statement that the detectives testified well. As discussed above, the prosecutor's statement was not improper. Defense counsel did not object to the prosecutors statement that cocaine breaks down when stepped upon. This statement was not improper as it was supported by the testimony of Eugenia Whitt Johnson. Defense counsel did not violate an essential duty by failing to object to these statements.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J. AND BLACKMON.J., CONCUR.
 ANN DYKE PRESIDING JUDGE