OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which, following a trial to the court, found appellant, Rayford Carter, guilty of possession of a controlled substance and sentenced him to the minimum term of three years. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF POSSESSION OF A CONTROLLED SUBSTANCE WHEN THE EVIDENCE AS A MATTER OF LAW WAS INSUFFICIENT TO ESTABLISH THAT APPELLANT KNOWINGLY POSSESSED A CONTROLLED SUBSTANCE AND THEREFORE VIOLATED APPELLANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION."
In his assignment of error, appellant contends the state failed to present sufficient evidence to survive appellant's motion for judgment of acquittal at the conclusion of the state's case and at the conclusion of all evidence. Appellant argues the prosecution did not prove constructive possession of the drugs. This court finds no merit in this assignment of error.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The evidence must be viewed in the light most favorable to the prosecution. Id. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230. The trier of fact is entitled to believe or disbelieve the testimony of either the state's witnesses and/or the defendant's witnesses. State v.Harriston (1989), 63 Ohio App.3d 58, 63. A reviewing court will not reverse the verdict of the trial court where there is substantial evidence upon which the trier of fact could reasonably conclude that all the elements of an offense had been proven.State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
Pursuant to R.C. 2925.11(A): "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.01(L) defines "possess" as:
 "Having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
Constructive possession is shown when an individual is able to exercise dominion and control over an object even if not within his immediate physical possession. State v. Hankerson
(1982), 70 Ohio St.2d 87, 91. Circumstantial and direct evidence possess the same probative value. State v. Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Ownership of the controlled substance need not be established. State v. Barr (1993), 86 Ohio App.3d 227,235-36. In State v. Boyd (1989), 63 Ohio App.3d 790,796, the Eighth Appellate District found the state proved possession where cocaine and drug-related items were found in an apartment occupied by the defendant and his girlfriend. Despite the girlfriend's testimony that she placed the cocaine in the defendant's dresser, the appellate court found the evidence sufficient when only the defendant's clothing was in the dresser and cocaine and drug related items were found throughout the apartment.
Appellant cites State v. Haynes (1971), 25 Ohio St.2d 264,270, in support of his argument. In Haynes, the Ohio Supreme Court held that narcotics found in the general living area of a jointly occupied premises was not enough to infer that any particular tenant possessed the drugs without other evidence.Id.
However, the facts of this case are distinguishable from those of Haynes. In the instant case, two police officers testified as to the discovery of the narcotics and money above the ceiling tiles in the attic of 312 Kenilworth, Lucas County, Toledo, Ohio. A small stepladder was located approximately two feet away from the section of the attic where the drugs and money were found. Other police officers testified that men's clothing was found in a second floor bedroom. The state introduced an Ohio certificate of title dated August 1998, two Ohio vehicle registration cards, one dated July 1998 and another August 1998, a security system bill and a utility bill, all bearing appellant's name and the 312 Kenilworth address.
Appellant's ex-wife testified that her son and another individual who "floated" with her son had lived at the 312 Kenilworth residence in the past and that she had seen the other individual on the porch of the residence two days before the search warrant was executed. Appellant introduced one opened letter addressed to his ex-wife's son and five unopened letters addressed to the other individual, all bearing the 312 Kenilworth address. Appellant argued that these letters indicated that these two men also resided at 312 Kenilworth. The state argued that the letters merely indicated that these two individuals received mail at 312 Kenilworth.
Furthermore, the drugs and money were not found in a common area of the residence but in the attic, above a ceiling tile, with a small stepladder in close proximity. This is an area over which only a resident would have exclusive control and dominion.
All of the forgoing evidence, when viewed in a light most favorable to the state, would allow a rational trier of fact to find beyond a reasonable doubt that appellant knowingly possessed crack cocaine in violation of R.C. 2925.11. Therefore, this court finds that appellant's conviction for possession of crack cocaine is supported by sufficient evidence.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Mark L. Pietrykowski, J.
CONCUR.