OPINION
{¶ 1} On November 23, 2001, Ohio State Highway Patrol Trooper T.A. Root stopped appellant, John Calloway, for impeding traffic. Upon investigation, Trooper Root discovered a bottle of liquor, closed but with a broken seal, in a duffel bag behind the passenger seat. Appellant was subsequently charged with operating a motor vehicle while under the influence in violation of R.C. 4511.19, impeding traffic in violation of R.C. 4511.22, marked lanes violation in violation of R.C. 4511.33, driving without a seat belt in violation of R.C. 4513.263 and, pertinent to this appeal, having an open container while operating a motor vehicle in violation of R.C. 4301.62.
 {¶ 2} On January 18, 2002, appellant pled guilty to all of the charges except the open container charge to which appellant pled no contest. By journal entry filed same date, the trial court found appellant guilty of the charge and fined him $75.00 on same.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 4} "APPELLANT'S CONVICTION OF HAVING AN OPENED CONTAINER WHILE OPERATING HIS MOTOR VEHICLE IN VIOLATION OF R.C. § 4301.62 WAS INSUFFICIENT AS A MATTER OF LAW."
 I {¶ 5} Appellant claims his conviction for open container pursuant to R.C. 4301.62 was against the sufficiency of the evidence. We disagree.
 {¶ 6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 7} Appellant argues the state failed to prove each element of the crime beyond a reasonable doubt. During the change of plea hearing, the following facts were uncontested. Appellant was the driver of a vehicle that was stopped and upon investigation, a bottle of whiskey with the seal broken and part of its contents diminished was found in a closed duffel bag behind the passenger seat. T. at 9-10. Appellant was alone in the vehicle at the time of the stop. T. at 6. The state mentioned according to Trooper Root, the bottle "was within the reach area of the driver of the vehicle. T. at 10. Appellant did not specifically agree to this fact. Id.
 {¶ 8} R.C. 4301.62 governs open containers. Subsection (B)(4) states the following:
 {¶ 9} "(B) No person shall have in the person's possession an opened container of beer or intoxicating liquor in any of the following circumstances:
 {¶ 10} "(4) Except as provided in division (D) of this section, while operating or being a passenger in or on a motor vehicle on any street, highway, or other public or private property open to the public for purposes of vehicular travel or parking."
 {¶ 11} We note the statute speaks to an "opened container" and "possession" "while operating or being a passenger in or on a motor vehicle." The stipulated evidence established the whiskey bottle had a broken seal and some of the contents were removed. We find these facts alone establish an opened container. Did appellant have "possession" of the opened container?
 {¶ 12} "Possession" is not defined in R.C. 4301.62 but is defined generally in the criminal code as "having under the person's control." R.C. 2923.24. "Mere access" is not sufficient to establish possession. R.C. 2925.01(K). Through case law, "constructive possession" has been defined as the ability "`* * * to exercise dominion or control over the object, even though that object may not be within his immediate physical possession.'" State v. Boyd (1989), 63 Ohio App.3d 790, 796, quoting Statev. Johnson (November 21, 1985), Cuyahoga App. No. 49746. Given the fact that appellant was the sole occupant of the vehicle and was the operator and owner of the vehicle, we find sufficient credible evidence to establish a violation of R.C. 4301.62.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
topic: "open container" "possession" discussed.