This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Michael L. Thomas, appeals the decision of the Akron Municipal Court, which found him guilty of possession of marijuana, fined him and suspended his driver's license for six months. This Court affirms.
 I.
{¶ 2} On August 6, 2002, Akron City police conducted a traffic stop of a vehicle they observed speeding and which had no visible license plate. As the officers were stopping the vehicle, they noticed appellant making furtive movements toward the center of the vehicle. They approached the vehicle and confirmed that appellant was the driver and owner of the vehicle, and that he was alone in the vehicle. After appellant told the officers he did not have his license with him, they asked him to step out of the vehicle and they obtained appellant's consent to search the vehicle.
{¶ 3} The officers found a partially smoked marijuana cigarette in appellant's vehicle. Appellant denied ownership or knowledge of the marijuana. The officers charged appellant with possession of marijuana in violation of Akron City Code Section 138.10. Appellant pled not guilty and the matter went to a bench trial. On August 27, 2002, the trial court found appellant guilty, fined him $100.00 and suspended his driver's license for six months. The sentence was stayed pending appeal.
{¶ 4} Appellant timely appealed and sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
{¶ 5} "THAT THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 6} In his sole assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. This Court disagrees.
{¶ 7} In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
{¶ 8} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
{¶ 9} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue more than it supports the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175.
{¶ 10} Akron City Code Section 138.10(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." In this case, appellant argues the State did not provide evidence he had knowledge that the marijuana was in his vehicle. Appellant's argument is without merit.
{¶ 11} This Court notes that possession of drugs can be either actual or constructive. See State v. Haynes (1971), 25 Ohio St.2d 264. It is well settled that circumstantial evidence is sufficient to support the element of constructive possession. State v. Jenks (1991),61 Ohio St.3d 259, 272-273; see, also, State v. Braxton (Jan. 18, 1990), 8th Dist. No. 56269. The Ohio Supreme Court has held that a person has constructive possession of a thing or substance when he is able to exercise dominion or control over it. State v. Wolery (1976),46 Ohio St.2d 316, 329. Furthermore, drugs that are found in plain view and are in close proximity to a defendant can establish constructive possession of those drugs. State v. Pruitt (1984), 18 Ohio App.3d 50, 58; See, also, State v. Boyd (1989), 63 Ohio App.3d 790.
{¶ 12} In the instant case, Detective Danzy testified that the marijuana was in plain view when he discovered it in appellant's vehicle, stating:
{¶ 13} "It was located to the right of the driver seat, behind it on the floor, in plain view."
{¶ 14} During defense counsel's cross examination of Detective Danzy, the location of the marijuana was again discussed as follows:
{¶ 15} "Q. I'm trying to understand from your earlier testimony exactly where it was. It was in plain view-
{¶ 16} "A. It would be, if this was the driver seat it would have been right here, which is beside but also behind, right on the floor.
{¶ 17} "Q. But it was in plain view.
{¶ 18} "A. Yes."
{¶ 19} Detective Danzy's partner, Detective Male, also stated in appellant's field arrest summons that the marijuana was found in plain view in his vehicle. Detective Williams, who tested the marijuana recovered from appellant's vehicle, testified that the evidence report stated the marijuana "was found on the floor next to the driver's seat of car."
{¶ 20} The State presented credible evidence from which the trial court could find that appellant clearly had constructive knowledge, if not actual knowledge, of the marijuana in his vehicle. Three officers testified that the marijuana was found in plain view and in close proximity to where appellant was sitting that he could exercise dominion or control over the drug.
{¶ 21} Appellant also challenges the credibility of the officers' testimony during his trial. This Court notes that the testimony the trial court relied on in reaching its decision was disputed by appellant's testimony. Although the testimony was conflicting, this Court declines to overturn appellant's conviction because the trial court believed the State's witnesses. It is well recognized that matters of credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In reviewing this case, we are mindful that, as the trier of fact, "the trial court is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Giurbino v. Giurbino (1993), 89 Ohio App.3d 646, 659. The trial judge, as the trier of fact, found the officers' testimony to be credible, as well as the other evidence the State provided in this case.
{¶ 22} Appellant's conviction is not against the weight of the evidence merely because there was conflicting testimony before the trial court. See State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, citingState v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Given the above facts and law, this Court finds that appellant's conviction is not against the manifest weight of the evidence.
 III.
{¶ 23} Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
WHITMORE, J. and BATCHELDER, J. CONCUR