NUNC PRO TUNC OPINION
{¶ 1} On February 8, 2002, the Stark County Grand Jury indicted appellant, Ricky Robinson, on one count of possession of cocaine in violation of R.C. 2925.11 and one count of drug paraphernalia in violation of R.C. 2925.14.
 {¶ 2} A jury trial commenced on August 12, 2002. The jury found appellant guilty as charged. By judgment entry filed August 19, 2001, the trial court sentenced appellant to an aggregate term of eleven months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 5} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 6} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 7} Appellant was convicted of possession of cocaine in violation of R.C. 2925.11 which states "[n]o person shall knowingly obtain, possess, or use a controlled substance." Appellant was also convicted of possession of drug paraphernalia in violation of R.C.2925.14(C)(1) which states "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia."
 {¶ 8} Appellant argues the evidence did not establish he had possession, ownership or control of the cocaine. We have defined the elements of possession in State v. Thomas (1995), 107 Ohio App.3d 239,244, as follows:
 {¶ 9} "Interpreting the term `possession,' Ohio courts have held that possession may be actual or constructive. See State v. Wolery
(1976), 46 Ohio St.2d 316, 329, 75 O.O.2d 366, 373-374, 348 N.E.2d 351,360-361; State v. Hankerson (1982), 70 Ohio St.2d 87, 90-91, 24 O.O.3d 155, 157-158, 434 N.E.2d 1362, 1364-1366; State v. Boyd (1989),63 Ohio App.3d 790, 580 N.E.2d 443. To establish constructive possession, the state must prove that the defendant was able to exercise dominion or control over the object, even though that object may not be within his immediate physical possession. Id. at 796,580 N.E.2d at 446-447. Further, it must also be shown that the person was `conscious of the presence of the object.' Hankerson, supra, at 91, 24 O.O.3d at 157,434 N.E.2d at 1365."
 {¶ 10} In order to test the jury's finding of guilty, it is necessary to examine the facts sub judice.
 {¶ 11} On February 1, 2002, Canton Police Officers Michael Walker and Michael Lombardi were dispatched to the 600 block of Gibbs Avenue, N.E. regarding a suspicious person in the area. T. at 131-132, 156. Upon investigation, the officers observed appellant lying on the front porch of a home located at 623 Gibbs Avenue, N.E. T. at 132-133, 157. The officers asked appellant to come off the porch and then questioned him. T. at 133. After securing appellant in the police cruiser, the officers checked the porch and the area in close proximity to where appellant had been lying. T. at 134-135, 157-158. Located on the porch handrail was a lighter and on the porch flooring, a small pipe was discovered which later was determined to contain traces of cocaine. T. at 8-9, 135. Underneath the porch mat, "real close" to where appellant had been lying, was a Newport cigarette pack which contained three rocks of crack cocaine. T. at 8-9, 137, 158. A resident at the home denied knowing appellant. T. at 139.
 {¶ 12} Officer Walker testified upon being notified of the charges against him, appellant "blurted out that he would show us where he got the drugs***he would show us where the drugs were, where he had got the drugs from" without admitting ownership. T. at 140. Officer Lombardi's version of the statement was that appellant stated "he was going to tell us where he got his drugs from." T. at 158. Officer Lombardi stated appellant admitted the drugs were his. T. at 158, 162.
 {¶ 13} Apart from some testimony from the crime lab expert, Jay Spencer, regarding the lack of fingerprint evidence, no witness was called to challenge the claim of ownership. T. at 174-182.
 {¶ 14} Upon review, we find sufficient indicia of possession of cocaine when the drugs were found in the same general area and very close to where appellant had been lying. Further, appellant's own statement could very well be viewed as an admission of ownership.
 {¶ 15} Upon review, we find no manifest miscarriage of justice.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J., Wise, J. and Boggins, J. concur.