JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Grady Nashe ("appellant"), appeals his convictions for drug possession, drug trafficking and possession of criminal tools. For the reasons set forth below, we affirm.
 {¶ 2} On January 31, 2005, appellant and a number of co-defendants were indicted pursuant to a four count indictment. As relevant to appellant, count two charged him with possession of crack cocaine in an amount exceeding 25 grams but less than 100 grams, in violation of R.C.2925.11; count three charged trafficking in crack cocaine in an amount exceeding 25 grams but less than 100 grams, in violation of R.C.2925.03; and count four charged possession of criminal tools, in violation of R.C. 2923.24. Appellant pled not guilty to the three charges against him and the matter proceeded to a bench trial on August 22, 2006. *Page 2 
 {¶ 3} The state and defense stipulated to the forensic laboratory report concerning the weight and composition of the materials found on appellant's dining table. In relevant part, this report indicated that the white residue found on an electronic scale tested positive for cocaine, that the rock-like materials tested positive for crack cocaine and weighed 54.62 grams and that the white substance found in a plastic baggie tested positive for cocaine and weighed 0.03 grams.
 {¶ 4} The state's evidence further demonstrated that on April 22, 2006, a female flagged down Officers Weaver and Varndell and informed them that two men were conducting drug activity in the area of East 125th Street. The officers contacted Officer Ken Kirk and his partner, Officer Sieger, who responded to the area. There they witnessed two males matching the female's description sitting on the porch of the lower quarters of 3298 East 125th Street.
 {¶ 5} Officer Kirk and his partner approached the individuals to inquire into their presence when the two males ran upstairs into the second floor dwelling of the residence. At which point, a female located on the porch above, screamed down to the officers for help.
 {¶ 6} In response, Officer Sieger kicked in the first floor entry door. He and Officer Kirk then proceeded up the stairs and observed the top door had been kicked in. The top door led into an apartment solely leased by appellant. The officers entered the apartment and saw several individuals in the apartment, one of which *Page 3 
was the female on the porch, Ruby Day. Appellant laid on the floor in the living area and a few ran to the back of the apartment. Another officer followed three males that fled the scene. Those men broke into a neighbor's apartment, where they were ultimately apprehended.
 {¶ 7} Officer Kirk testified that upon entering appellant's apartment, he saw appellant laying on the ground with his hands out. Appellant was located within ten feet of a dining table.
 {¶ 8} On the dining table, Officer Kirk saw in plain view a large amount of rock-like material, which was later determined to be nearly 55 grams of crack. Some of the crack cocaine was bagged. The officer also noticed empty plastic baggies, a razor, a lighter, playing cards, and an electronic scale with white residue upon it. It appeared as if this contraband had been there a while. After reading appellant his Miranda rights, appellant admitted to Officer Kirk that he knew the drugs were there but maintained that he did not want to have anything to do with them.
 {¶ 9} At the conclusion of the state's evidence, appellant moved for acquittal, pursuant to Crim.R. 29(A). The trial court denied his request. Appellant then rested his case and renewed his motion for acquittal, which was again overruled.
 {¶ 10} On August 24, 2006, the court found appellant guilty of drug possession, drug trafficking and possession of criminal tools and sentenced appellant to three years imprisonment each for drug possession and drug trafficking *Page 4 
and six months for possession of criminal tools.
The court ordered appellant to serve all sentences concurrently, for a total of three years imprisonment.
 {¶ 11} Appellant now appeals and asserts two assignments of error for our review. Appellant's first assignment of error states:
 {¶ 12} "Whether the trial court erred in denying defendant-appellant's Crim.R. 29(A) motion for acquittal on the charges of drug possession, drug trafficking, and possession of criminal tools."
 {¶ 13} Motions for judgments of acquittal are governed by Crim.R. 29(A) which states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 14} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52, 678 N.E.2d 541. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The motion "should be granted only where reasonable minds could not fail to find *Page 5 
reasonable doubt." State v. Apanovitch (1987), 33 Ohio St.3d 19, 23,514 N.E.2d 394.
 {¶ 15} In the instant action, appellant was charged and convicted of drug possession. R.C. 2925.11 states in pertinent part as follows:
 {¶ 16} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 17} Additionally, appellant was convicted of drug trafficking, which is defined in R.C. 2925.03 as follows:
 {¶ 18} "(A) No person shall knowingly do any of the following:
 {¶ 19} "* * * (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 20} Finally, appellant was convicted of possession of criminal tools in violation of R.C. 2923.24, which states in relevant part as follows:
 {¶ 21} "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
 {¶ 22} Within this assignment of error, appellant argues that the state failed to present direct or circumstantial evidence that he constructively possessed the crack cocaine or criminal tools or that he knowingly trafficked in drugs. We disagree. *Page 6 
 {¶ 23} "Possession" is defined in R.C. 2925.01(K) as follows:
 {¶ 24} "`Possess' or`possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 25} Possession may be actual or constructive. State v.Hankerson (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus, certiorari denied (1982), 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130;State v. Haynes (1971), 25 Ohio St.2d 264, 267 N.E.2d 787. Constructive possession will be established where the accused was able to exercise dominion or control over the contraband. State v. ?/?/???(1976),46 Ohio St.2d 316, 329, 348 N.E.2d 351, certiorari denied (1976), 429 U.S. 932,97 S.Ct. 339, 50 L.Ed.2d 301.
 {¶ 26} With regard to the sufficiency of evidence supporting a conviction for drug possession or possession of criminal tools which are found in an apartment with a defendant, the Supreme Court of Ohio has concluded that the mere fact that the accused was the owner or lessee of premises where the narcotics were found is not sufficient to establish possession. State v. Haynes, supra at 270-271. Courts, however, have determined that possession may be established where the drugs and/or contraband are found in the defendant's living area and in plain view throughout the apartment. State v. Boyd (1989), 63 Ohio App.3d 790,796-797, *Page 7 580 N.E.2d 443. Accord State v. Thompson (June 9, 1994), Cuyahoga App. No. 63369. Furthermore, readily useable drugs and/or contraband in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession. State v.Barr (1993), 86 Ohio App.3d 227, 235, 620 N.E.2d 242; State v.Pruitt (1984), 18 Ohio App.3d 50, 58, 480 N.E.2d 499. Finally, knowledge of illegal goods on one's property is also sufficient to establish constructive possession. State v. Hankerson, supra at 92; State v.Pearson (Mar. 17, 1983), Cuyahoga App. No. 44550.
 {¶ 27} Applying the foregoing, we note that the state's evidence demonstrated that nearly 55 grams of crack cocaine, some of which was prepackaged in baggies, was discovered in plain view on the dining table, which was located in the living area of the apartment leased solely by appellant. Additionally, the police found empty baggies, one of which contained cocaine residue, along with a razor, playing cards, a lighter, and an electronic scale containing cocaine residue in plain view on the dining table. The evidence further established that the dining table was in close proximity, about ten feet, from where Officer Kirk found appellant upon entering the apartment. Finally, Officer Kirk testified that appellant admitted that he was aware of the presence of the drugs. Construing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have concluded that appellant possessed the crack cocaine and criminal tools at issue in order to prepare *Page 8 
the drugs for sale. Accordingly, we are unable to conclude that appellant's convictions were supported by insufficient evidence. Appellant's first assignment of error is overruled.
 {¶ 28} Appellant's second assignment of error states:
 {¶ 29} "The verdict of guilty on the charges of drug possession, drug trafficking, and possession of criminal tools were against the manifest weight of the evidence."
 {¶ 30} In State v. Thompkins, 78 Ohio St.3d 380, 388, 1997-Ohio-52,678 N.E.2d 541, the court illuminated its test for manifest weight of the evidence as follows:
 {¶ 31} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof will be entitled to their verdict if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Black's [Law Dictionary (6 Ed. 1990)], at 1594."
 {¶ 32} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting *Page 9 
testimony. Id., citing Tibbs v. Florida (1982), 457 U.S. 31, 45,102 S.Ct. 2211, 72 L.Ed.2d 652. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717.
 {¶ 33} The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 34} In this matter, we cannot conclude that the court lost its way. The state presented evidence that appellant was the sole leaseholder of the apartment and that nearly 55 grams of crack cocaine were present in plain view in the living area. The state also established that appellant admitted he knew of the presence of the drugs and criminal tools and that he was in close proximity to the contraband. Accordingly, after reviewing the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we cannot disagree with the court's resolution. Therefore, appellant's second assignment of error is without merit.
Judgment affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 10 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and MELODY J. STEWART, J., CONCUR *Page 1