OPINION
{¶ 1} Defendant-Appellant, Paul Curtis Sisson, appeals a judgment of the Montgomery County Common Pleas Court finding him guilty of possession of crack cocaine and sentencing him to a mandatory term of three years in prison. Sisson asserts that the verdict was contrary to the manifest weight of the evidence. We *Page 2 
determine that the jury did not lose its way in returning the guilty verdict, and therefore, we affirm the judgment of conviction.
 {¶ 2} On June 20, 2006, Sisson borrowed an automobile from Michael Holcomb in order to bring his brother home from the Dayton Veterans Administration Hospital. At approximately 1:00 p.m., the vehicle was approached in Eastwood Park, by Bradley Pearson, a Park Ranger, who was distributing brochures to the park visitors. Sisson was in the driver's seat of the vehicle, and his brother, Wayne, was in the front passenger seat.
 {¶ 3} As Pearson approached the vehicle, he observed what appeared to be a crack pipe in Sisson's hand. After Sisson saw Ranger Pearson, he reached down toward the console, with his right hand, in what appeared to be an attempt to conceal something. Pearson knocked on the driver's side window, and asked Sisson to hand over the crack pipe. Sisson complied and then stepped out of the vehicle.
 {¶ 4} Pearson arrested Sisson, placed handcuffs on him, patted him down for weapons, and then placed Sisson in the back seat of his cruiser. Pearson then Mirandized Sisson, whereupon Sisson told Pearson that he had just smoked a $20 rock of crack that he had purchased from an unknown person.
 {¶ 5} Because the Park Rangers and the Montgomery County Sheriff's Office were unable to contact the owner of the vehicle operated by Sisson, Pearson conducted an inventory search of the vehicle, prior to impoundment. During this search, Pearson discovered a baggie containing 46.19 grams of crack cocaine located in an ashtray sitting on the floor of the rear passenger compartment behind the driver's seat. *Page 3 
 {¶ 6} Sisson was subsequently indicted for possession of crack cocaine, in violation of R.C. 2925.11(A). Sisson moved to suppress both the evidence found in the search and his statements to officers, which motion was overruled. Sisson was tried by a jury, and convicted of the charge. The trial court then sentenced him to a mandatory term of incarceration of three years. Sisson filed this timely appeal, setting forth one assignment of error for our consideration.
 Assignment of Error Appellant's conviction was against the manifest weight of the evidence. {¶ 7} In his first assignment of error, Sisson asserts that his conviction for possession of crack cocaine was against the manifest weight of the evidence. When an appellate court analyzes a conviction under the manifest weight standard it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. Id.
 {¶ 8} Sisson argues that the evidence establishes that there were at least two other potential suspects who could have owned the cocaine located in the rear passenger compartment besides himself. He concedes that there was no direct *Page 4 
evidence that the crack cocaine belonged to anyone else; however, he argues that it would have been a reasonable inference for the jury to have concluded that the crack cocaine belonged to either the owner of the vehicle, Michael Holcomb, or the passenger, his brother Wayne Sisson.
 {¶ 9} Pursuant to R.C. 2925.11(A), "No person shall knowingly obtain, possess, or use a controlled substance." Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). R.C. 2901.21 (D)(1) sets forth the requirements for criminal liability and provides: "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession."
 {¶ 10} "Possession of a drug may be either actual physical possession or constructive possession." State v. Mabry, Montgomery App. No. 21569,2007-Ohio-1895. Constructive possession has been defined as "knowingly exercis[ing] dominion and control over [the drugs], even though [they] may not be within his immediate physical possession." State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus. Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession. State v. Wolery (1976), 46 Ohio St.2d 316. Constructive possession has been found when the drugs are in plain view in an area shared with another. State v. Boyd (1989), 63 Ohio App.3d 790, 766-797. Furthermore, ownership need not be proven to establish constructive possession. State v. Mann (1993), *Page 5 93 Ohio App.3d 301, 308. Circumstantial evidence is sufficient to support the element of constructive possession. State v. Barnett, Montgomery App. No. 19185, 2002-Ohio-4961.
 {¶ 11} Additionally, R.C. 2901.22(B) defines knowingly as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 12} Michael Holcomb, the owner of the vehicle, testified that he loaned his vehicle to Paul Sisson, who was taking his brother, Wayne, to the VA hospital in Dayton. He identified a number of hunting and fishing items, including bullets and hemostats, that were recovered from his vehicle; however he denied any knowledge of a number of other items, including the ashtray and the crack cocaine.
 {¶ 13} Ranger Pearson testified that he observed Paul Sisson with the crack pipe, and that after arresting him, Sisson admitted to just having smoked a rock of crack. He also testified that Sisson had stated that when the ranger arrived at his vehicle, he was looking for some pieces of crack that had broken off from the rock he smoked.
 {¶ 14} Pearson further testified that an inventory search of the vehicle was done only after the Montgomery County Sheriff's Department was unsuccessful in locating the owner or any other person to come and claim the vehicle. He testified that in the area behind the driver's seat, where he had observed Paul Sisson attempting to reach prior to his arrest, he discovered an ashtray containing a plastic baggie that contained *Page 6 
what he suspected to be crack cocaine. He also found a metallic canister containing cocaine residue.
 {¶ 15} Ranger Pearson also testified as to the physical and mental condition of Sisson's brother, Wayne. Pearson opined that Wayne had no real ability to know what was going on. He said that he and Ranger Proffitt had kept an eye on him during the questioning of Paul Sisson, and that after determining that Wayne was severely physically handicapped, and that he had little ability to communicate, they removed him from the vehicle, sat him in his wheelchair, and assisted him so he could smoke a cigarette. He testified that Wayne had limited use of his left arm, and that from the passenger seat where he was located, that he could not have reached into the rear seat area where the ashtray with the crack cocaine was located. He also testified that it was his opinion that Wayne was not under the influence of alcohol or drugs at the scene of the arrest.
 {¶ 16} Ranger Allen Proffitt testified that he monitored Wayne in the vehicle during Pearson's interrogation of Paul Sisson, and he confirmed Pearson's description of Wayne. He testified that at no time did he observe Wayne attempt to access anything in the rear passenger compartment of the vehicle.
 {¶ 17} Elizabeth Wade also testifed. She is a niece of both Wayne and Paul Sisson, and she is Wayne's caretaker through a Power of Attorney. She testified that Wayne suffered a stroke, which has affected him both mentally and physically. She also testified she did not believe that Wayne used illegal drugs.
 {¶ 18} After reviewing the above testimony, this Court cannot conclude that Sisson's conviction of possession of cocaine is against the manifest weight of the *Page 7 
evidence. When the vehicle Paul Sisson was driving was approached, Sisson had a crack pipe in his hand. He subsequently admitted to just having smoked a rock of crack cocaine. Ranger Pearson testified that Sisson was reaching down between the driver's seat and the console, toward the rear passenger compartment where the ashtray containing the crack was later located. The manifest weight of the evidence shows Paul Sisson's constructive possession of the cocaine found in the Mercury Topaz.
 {¶ 19} Accordingly, Sisson's assignment of error is overruled.
 {¶ 20} Based on the foregoing, the conviction appealed from is affirmed.
BROGAN, J. and FAIN, J., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
 Hon. Mary Katherine Huffman *Page 1